# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAVIS CALDWELL SPANGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:18-CV-00203-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Travis C. Spangler ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Administrative Law Judge ("ALJ") determined Plaintiff retained the residual functional capacity ("RFC") to perform other work as a final assembler or lens inserter and was not disabled.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

## **Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application on April 6, 2016, alleging a disability onset date of December 21, 2013. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on October 30, 2017, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on February 12, 2018.

Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). The claimant bears the burden of showing that he is disabled through Step Four of the analysis. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff claims substantial evidence does not exist to find that Plaintiff's substance abuse was a contributing factor material to the determination of disability. He also alleges the physical and mental limitations in his RFC are not supported by substantial evidence.

**I. Substantial evidence supports the ALJ's determination that Plaintiff's substance disorder was a contributing factor material to the determination of disability.**

Plaintiff argues the ALJ failed to properly analyze whether his substance abuse was a contributing factor material to the determination of disability.

If "alcohol or drug abuse is a 'contributing factor material to the Commissioner's determination' of disability, the claimant is not entitled to benefits." *Vester v. Barnhart*, 416 F.3d 886, 888 (8th Cir. 2005) (citing 42 U.S.C. § 423(d)(2)(C)). To make that determination, the "ALJ must first determine if a claimant's symptoms, regardless of cause, constitute disability." *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). Only if the ALJ finds the claimant is disabled and evidence of substance abuse, then does the ALJ move to the next step, which is to determine whether the disability would exist in the absence of the substance abuse. *Id*. In other words, the ALJ asks what limitations would exist in the absence of the substance abuse, and then determines whether those limitations render the claimant disabled. 20 C.F.R. § 404.1535(b)(2).

Here, the ALJ determined Plaintiff's impairments, including substance abuse disorders, met Listing 12.04 (depression). R. at 23. Of particular relevance here, the ALJ found Plaintiff's symptoms met the paragraph B criteria, rendering Plaintiff disabled. R. at 24. Because the ALJ found Plaintiff's symptoms caused disability and because there was evidence of substance abuse, the ALJ then went on to determine whether the disability would still exist in the absence of substance abuse.

The ALJ found that, in the absence of substance abuse, Plaintiff's mental limitations would still have more than a minimal effect on his ability to perform basic work activities. But the ALJ

determined the impairments would not meet a Listing because the paragraph B criteria were not satisfied. R. at 25. Therefore, the substance abuse was a contributing factor to the disability determination.

The ALJ's finding is supported by substantial evidence. Although Plaintiff alleged he had problems staying focused and on task; being around people he did not know; concentrating, persisting, or maintaining pace; and adapting and managing himself, Plaintiff was able to perform tasks with minimal limitation during periods of sobriety. While abstaining from substances, Plaintiff took care of his pets, prepared his own meals, shopped in grocery stores, remodeled a house, built a fence, did yard work for others, went fishing, and completed community service working at a food bank, a thrift store, and an animal shelter. R. at 68-69, 72, 230-31, 768, 1082, 1124, 1129, 1190, 1208, 1323, 1351. The record indicates Plaintiff dated women and traveled to visit with friends for several days while sober. R. at 1305, 1331. His objective mental-status examinations and the observations of his treating medical providers also show that Plaintiff's mental health was better when he was substance free. R. at 29, 272, 275, 278, 284, 308. This evidence is sufficient to support the ALJ's determination that Plaintiff would have had only mild limitations in the four broad areas of psychological functioning had he stopped abusing substances. *See Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (affirming the denial of benefits where record indicates that claimant functioned in a more productive way while sober).

## II. Substantial evidence supports Plaintiff's RFC.

Having determined Plaintiff would not meet a Listing if he stopped abusing substances, the ALJ continued through the sequential evaluation process to Step Four. The ALJ determined that if Plaintiff stopped his substance abuse, he could perform sedentary work but could not work on ladders, ropes, or scaffolding at unprotected heights; could not crouch or crawl; and needed a cane

to aid ambulation. R. at 27. With regard to Plaintiff's mental limitations, the ALJ determined that, if Plaintiff stopped abusing substances, he would still be limited to simple, routine, repetitive-type tasks requiring only simple work-related decision-making with few changes in the routine work setting and no more than occasional interaction with supervisors, coworkers, and the general public. R. at 27. Plaintiff argues substantial evidence does not support these findings.

### a. Substantial evidence supports Plaintiff's physical limitations in his RFC.

First, Plaintiff avers the ALJ erred in failing to assess the RFC on a function-by-function basis and erroneously assessed the exertional level first. The Court has rejected this argument where, as here, the ALJ "made numerous findings as to Plaintiff's specific functional limitations." *Johnson v. Berryhill*, No. 4:17-CV-0416-DGK-SSA, 2018 WL 2336297, at *3 (W.D. Mo. May 23, 2018) (distinguishing the cases cited by Plaintiff from those where the ALJ made specific functional limitations).

Like in *Johnson*, the ALJ did not simply limit Plaintiff to "sedentary work" but also made specific findings in several relevant functional areas. R. at 27. Considering that substantial evidence on the record supports the ALJ's assessment of Plaintiff's symptoms, the ALJ committed no error. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (finding the ALJ did not err by not specifically addressing sitting, standing, and walking because those limitations were not relevant); *Seitz v. Colvin*, No. 5:15–CV–06151–NKL, 2016 WL 3920463, at *7 (W.D. Mo. July 18, 2016) (rejecting claimant's argument "that by articulating this limit in exertional terms—'light work'—without providing a function-by-function assessment of his ability to sit, stand, walk, push, and pull, the ALJ failed to comply with the social security regulations" and SSR 96–8p).

Second, Plaintiff argues that although the record contains medical evidence generally, the record is insufficient to assess his RFC because it lacks a medical opinion regarding his physical

5

impairments. As such, Plaintiff argues the ALJ erred in not further developing the record by ordering a consultative examination.

The Court has already determined that Plaintiff's argument is premised on the "faulty assumption that an ALJ must have a medical opinion to assess the claimant's RFC, and that absent a medical opinion any RFC determination is invalid." *Bowling v. Colvin*, No. 4:15-CV-03080-DGK-SSA, 2016 WL 3094064, at *2 (W.D. Mo. June 1, 2016). Indeed, although "the ALJ has some duty to develop the record, the ALJ is not required to obtain additional evidence where … the record is already well-developed, even in the absence of a medical opinion." *Id.* (citing *Tellez v. Barnhart*, 403 F.3d 953, 856-57 (8th Cir. 2005); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)). Therefore, the Court's task is to determine whether the record is sufficiently well-developed, even in the absence of a medical opinion, to provide substantial evidence for the ALJ's RFC determination.

The Court finds that it is. Plaintiff's limitations in his RFC were based on his subjective allegations, daily activities, medical history, examination findings, diagnostic imaging, limited treatment, and sporadic earnings. R. at 28-30. This evidence is sufficient to support the RFC, and the ALJ committed no error in not obtaining a consultative examination. *Johnson*, 2018 WL 2336297, at *3 (rejecting the plaintiff's argument that because the ALJ gave the treating physicians' opinions little weight and no other medical opinion as to Plaintiff's RFC existed, the RFC was not supported by substantial evidence).

### b. Substantial evidence supports Plaintiff's mental limitations in his RFC.

As to Plaintiff's mental limitations, Plaintiff first claims the ALJ erred in giving little weight to the opinion of Jerry Morris, Psy. D., that Plaintiff was unable to maintain employment.

A treating physician's opinion will generally be given controlling weight when "it is

6

well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014) (alteration in original). But such weight is not automatic, and the ALJ must still evaluate the record as a whole. *Id.* "Where an ALJ assigns less than controlling weight to the opinion of a treating source, the ALJ must 'give good reasons' for doing so." *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (citing *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012)). "Good reasons for assigning lesser weight to the opinion of a treating source exist where the treating physician's opinions are themselves inconsistent, or where other medical assessments are supported by better or more thorough medical evidence." *Id.* (internal citations and quotations omitted).

Here, the ALJ gave little weight to Dr. Morris' opinion that Plaintiff was unable to gain and maintain employment because it was not consistent with the record as a whole when Plaintiff was sober. R. at 29. Indeed, medical records indicate Plaintiff was cooperative, alert, and oriented, and had good insight and judgment, intact concentration, and intact memory during periods of sobriety. R. at 29, 272, 275, 278, 284, 307, 338. Plaintiff's mental symptoms were also well controlled with medication, and he did not seek any regular therapy with a counselor or psychologist. R. at 348. Plaintiff's subjective complaints and daily activities during periods of sobriety also contradict Dr. Morris' findings. R. at 1082, 1124, 1129, 1190, 1208, 1323, 1351.

Moreover, Dr. Morris did not differentiate between Plaintiff's problems caused by substance abuse and those caused by his underlying mental disorders. R. at 29, 740. And the ALJ noted that Plaintiff minimized his substance abuse to Dr. Morris, which calls into question Plaintiff's subjective complaints during their meetings. R. at 29, 340. This is especially troubling given that another physician reported that Plaintiff seemed "to know how to work the system so

7

that he can stay in the hospital and get narcotics," suggesting motivations other than his psychiatric symptoms. R. at 738. The ALJ did not err in giving little weight to Dr. Morris' opinion.

Plaintiff also alleges that if the ALJ properly discounted Dr. Morris' opinion, then he was required to obtain a consultative examination regarding the functional limitations caused by Plaintiff's mental limitations in the absence of substance abuse. In other words, Plaintiff contends his RFC is not supported by substantial evidence because the ALJ cited no medical opinion regarding his ability to function when substance free. As discussed, this argument is without merit. *Cox*, 495 F.3d at 619. Substantial evidence supports the ALJ's determination.

Plaintiff's medical records indicate that, during periods of sobriety or reduced usage, his symptoms were well-controlled and his medications were "helping immens[e]ly." R. at 278-85. Plaintiff's mental-status examinations during periods of sobriety also show fewer objective abnormalities. R. at 29, 272, 275, 278, 284. In December 2014, Plaintiff was hospitalized after he drank half a bottle of wine, took extra Valium, then slit his wrists. R. at 306. The doctor quickly resolved Plaintiff's symptoms with proper medications and abstinence from substances, and by the end of the hospitalization, Plaintiff's mental-status examination was within normal limits in all areas. R. at 307-08.

The ALJ's determination is also supported by other evidence in the record. Plaintiff's daily activities show his mental-subjective complaints were not as limiting when he was substance free. R. at 68-69, 72, 230-31, 768, 1082, 1124, 1129, 1190, 1208, 1323, 1351. And at the hearing, Plaintiff testified he had not been in any fights for two years, which the ALJ noted coincided with his abstinence from substances. R. at 29, 74. Finally, even Plaintiff pointed out to his counselor the connection between his behavior and his substance abuse. R. at 768. Substantial evidence

supports the ALJ's determination that, in the absence of substance abuse, Plaintiff could perform sedentary work with a range of limitations.

Accordingly, Plaintiff's conclusory argument that the ALJ's hypothetical question to the VE was flawed because it was based upon an incorrect RFC determination fails. It requires the Court to find the ALJ erred in formulating Plaintiff's RFC, and as discussed above, the ALJ did not err in that respect.

## Conclusion

Substantial evidence supports the Plaintiff's RFC and the finding that Plaintiff's substance abuse was a contributing factor material to the determination of disability. The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 12, 2019  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT